UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENIA ROBINSON, | ) | Case No.: 1:12 CV 1416 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| DEBRA WAGNER, *et al.*, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants | ) | |

*Pro se* Plaintiff Kenia Robinson filed this action against Debra Wagner and Jerry Wagner. In the Complaint, Plaintiff asserts the Defendants slandered her. She does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Plaintiff's Complaint is very brief. It states in its entirety:

> Slander by being called curse words out of my name and spreading rumors saying I am Schizophrenic physical and verbal abuse and slander of my children causing children and family services to be involved worsening me and my children's mental health statuses and reputations. Being taken advantage of due to my mental disabilities making it hard for me to be independent.

(ECF No. 1 at 1.) Plaintiff attaches to her pleading a Complaint she filed in the Shaker Heights Small Claims Court against the Defendants on May 2, 2012. In that document, under "Statement of Claim" she writes, "Unfairly and illegally threw out my personal property unfairly and illegally

filed and stolen my children's social security cards and filed taxes never reimbursed for damages." (ECF No. 1-1 at 1.)

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir.2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question, when diversity of citizenship exists between the parties, or when the federal government or federal official is a party to the action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). None of these criteria appear to be present in this case.

Plaintiff provides very little information about Debra Wagner and Jerry Wagner. The Complaint contains no suggestion that these individuals are United States government officials.

Diversity of citizenship, as a basis for federal court jurisdiction, exists only when the Plaintiff and Defendants are citizens of different States, and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs. 28 U.S.C. § 1332 (a); *Jerome-Duncan, Inc. v. Auto-By-Tel,*

*L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999). Here, Plaintiff does not indicate the State in which she lives; however, she provides a post office box with a Cleveland, Ohio address. She indicates that the Defendants are both residents of University Heights, Ohio. It appears from the Complaint that diversity of citizenship is not complete, as required to establish federal court jurisdiction. Moreover, Plaintiff does not specify the relief she requests so there is no indication the amount in controversy requirement has been met. Federal court jurisdiction cannot be based on diversity of citizenship.

Furthermore, the Complaint does not contain a federal question. In "determin[ing] whether [a] claim arises under federal law," the Court looks only to the "well-pleaded allegations of the Complaint" and ignores potential defenses that the Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir.2007). Although the well-pleaded-complaint rule focuses on what the Plaintiff alleges, it allows a court to look past the words of a Complaint to determine whether the allegations, no matter how the Plaintiff casts them, ultimately involve a federal question. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir.2008). In addition to causes of action expressly created by federal law, federal-question also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). Even with that liberal construction, however, Plaintiff has failed to properly identify a federal question in this case. She alleges the Defendants slandered her and engaged in physical and verbal abuse. While these actions, if true, would suggest a potential violation of state tort law, they do not

present a cause of action under federal law.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

        /s/ *SOLOMON OLIVER, JR.*
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

October 30, 2012

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.